## IN THE SUPERIOR COURT
## OF GUAM

RAYNOLD CRUZ ALCANTARA, )  DOMESTIC CASE NO. DM0033-07
                  )
          Plaintiff, )
    v.                )  **DECISION AND ORDER**
                  )  Re: <u>Child Custody</u>
BETSY CEPEDA, )
                  )
          Defendant. )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on June 28, 2012. The Plaintiff was represented by Phillip Torres, ESQ. The Defendant was represented by Jeffrey A. Cook, Esq. After considering the matter presented, the Court now issues the following decision and order.

## BACKGROUND

The matter arises out an Ex Parte Motion filed by Defendant Betsy Cepeda ("Cepeda") on June 7, 2012, for an Order to Show Cause seeking a temporary restraining order and requesting modification of the Stipulated Judgment filed August 16, 2007. The same day, Cepeda filed a Memorandum of Points and Authorities supporting the Motion to Modify. In the Memorandum, Cepeda first alleges that since the Stipulated Judgment filed August 16, 2007 neither Cepeda nor the Plaintiff, Raynold Cruz Alcantara ("Alcantara"), have followed the custody order requiring the alternating yearly physical custody of his daughter, Xiomara Rae C. Alcantara ("Xiomara"). Cepeda also alleges, although she and her daughters have been living on Guam, Alcantara has not shown a great deal of interest in his daughter. Cepeda asserts Alcantara has never spent more than a weekend with his daughter.

Because Cepeda is moving off island to join her spouse in South Carolina, she urges the Court to modify the Stipulated Judgment so she would continue to have primary custody of Xiomara and discontinue the alternating yearly physical custody. Cepeda also suggests an option wherein Alcantara would have custody of Xiomara during alternating Christmas's and summers[1].

Shortly after the Ex Parte Motion was filed, the Alcantara filed his motion in opposition of the Court modifying the Stipulated Judgment. Alcantara argues Cepeda misrepresents his relationship with his daughter and believes he is able to provide emotional, physical and financial support for his daughter. Alcantara also asserts when the Stipulated Judgment was executed both parties were aware of the possibility Cepeda might move off island; therefore, Cepeda moving off island is not a change in circumstance and the Stipulated Judgment should not be modified. Alcantara also asserts he would like all three (3) daughters to be in included in the yearly visitation even though he is not the biological father of the eldest daughter.

## DISCUSSION

**Child Custody**

Under Guam law, a Court may modify a custody arrangement whenever "the best interest of the child require or justify such modification." Title 19 GCA § 8404(f) (1994). The Supreme Court of Guam has previously noted, "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." *Id.* at ¶ 10. However, the purpose of a custody hearing is to determine the best interest of the child not that of the parents. *Flores v Cruz*, 1998 Guam 30 ¶ 23.

---

[1] During the prior hearing (June 28, 2012), Cepeda stated she would not mind all three daughters visiting with Alcantara during the summer.

In custody modification cases, when a party attempts to modify a "considered decree," he or she bears the heavy burden of proving that the continuation of present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. *Sandoval v. Sandoval*, 832 So. 2d 1221, 1223 (La. App. 3d Cir. 2002) (Citing to *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986)). However, joint custody does not require that each parent have equal time with the child, but that each party has substantial time with the child. *Lanser v Lanser*, 2003 Guam 14 ¶ 13. (Citing to *Sandoval v. Sandoval*, 832 So. 2d 1221, 1223 (La. App. 3d Cir. 2002)).

In the instant case, both parties want to modify the stipulated judgment. Thus, neither party bears the burden of proof as to justifying the modification. Alcantra submits to include Caitlyn in the alternating year visitation. Alcantra only agreed to sole, legal, and physical custody to Cepeda upon premise that David D. Pedreira, the fiancé, was going to adopt Caitlyn. However, since no adoption has been processed and it has been 5 years since the Stipulated Judgment, Alcantra seeks to modify the custody agreement for Caitlyn as well. Cepeda argues that the girls should be together, unless this Court grants custody of Xiamara to Alcantra.

On August 16, 2007 both parties stipulated to a judgment, which details the terms of custody arrangement. As of this writing, neither party has complied with the terms of the custody agreement. Item 2 explicitly states "the parties shall alternate custody each year thereafter until Xiamara Rae C. Alcantara is old enough to decide which parent she wishes to stay with during the school year." However, since Cepeda returned back to Guam in 2008, the terms of the custody agreement never went into effect and Cepeda has maintained primary custody of both children, Xiamara and Caitlyn, since 2007.

The Court finds it is in the children's best interests that the stipulated custody order be vacated and modified. It is in the best interest of the children to remain together and have both parents in their lives. Alcantra is to have custody of Xiamara and Caitlyn for the summer of 2012. Cepeda is to have custody of Xiamara and Caitlyn for the school year 2012 till 2013. Accordingly, each party will alternate yearly physical custody of Xiamara and Caitlyn on July 30th of every year.

With respect to the defendant's eldest daughter, this Court finds that it cannot order her to be part of the custody order in this case. The Court recognizes both parties' willingness and desire to keep all the children together when custody changes next year. However, the Court leaves that decision to the defendant and her daughter. The matter before the court is limited to the two daughters of the parties.

SO ORDERED, this 5 day of October 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

... correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam,
Dated at Hagåtña, Guam

OCT 0 5 2012

James R. Borja